**INTERNATIONAL SECURITY LIFE IN- SURANCE CO., Appellant,**

v.

**H. K. PEERY, Appellee.**

**No. 8207.**

Court of Civil Appeals of Texas, Amarillo.

Dec. 13, 1971.

Rehearing Denied Jan. 10, 1972.

Law Offices of A. J. Bryan (Frank H. Pope, Jr.), Fort Worth, for appellant.

Lemon, Close, Atkinson & Shearer (R. D. Lemon), Perryton, for appellee.

REYNOLDS, Justice.

This appeal is from a judgment ordering recovery of indemnities under a policy of insurance for hospital and medical expenses incurred. Affirmed.

International Security Life Insurance Company issued its policy of insurance, providing for certain indemnities for hospital and medical expenses, to H. K. Peery. The policy contains two printed provisions specifying the maximum amount payable on account of any one accidental bodily injury or sickness. One provision states the amount `shall not exceed $2,500.00, and immediately following that is another provision which states the amount shall not exceed $5,000.00.

While the policy was in force, Peery was hospitalized from November 21 to 27, 1969, incurring hospital and medical expenses of $610.74, and again from December 15, 1969, to January 6, 1970, incurring hospital and medical expenses of $2,461.36. Peery's claim of indemnity under the policy for the $3,072.10 total expenses was denied and suit was filed.

Trial was before a jury. Prior to the submission of the charge to the jury, the parties stipulated that the only controverted issue was the amount of money that would fairly and reasonably compensate Peery for the usual and customary medical and hospital expenses incurred as a result of his hospitalization on the two occasions, and further stipulated that special issue no. 1 in the court's charge to the jury was a proper submission of that controversy. In its answer to special issue no. 1 the jury found the amount to be $3,072.10, which amount the trial court included in its judgment in favor of Peery against International Security.

International Security has appealed on only one point of error reading:

"The trial court erred in entering judgment for appellee in the amount of $3,072.-10 for the reason that the policy in question afforded coverage in the maximum aggregate amount of $2,500.00."

 International Security has misconstrued its own policy. Assuming arguendo, without deciding, that the $2,500.00 amount rather than the $5,000.00 amount,

is controlling in the policy, that is not the maximum aggregate amount payable under the policy, but the maximum aggregate amount payable *on account of any one accidental bodily injury or sickness*. Neither period of Peery's hospitalization amounted to more than $2,500.00. Not only is there no contention before us that the two periods of hospitalization were for the same illness, but, to the contrary, International Security stipulated that the only controverted fact was the amount of money that would compensate Peery for his expenses incurred during the two occasions of hospitalization. Under the stipulation, submission of all other issues to the jury was waived and the issues are deemed to be found by the court in such manner as to support the judgment. Rule 279, Texas Rules of Civil Procedure. A finding that the two periods of hospitalization resulted from different illnesses supports the judgment. No complaint is made to the judgment in this respect. Therefore, the point of error is wholly without merit, and must be overruled.

The judgment of the trial court is affirmed.